OLIVARI *v.* THAMES & MERSEY MARINE INS. CO.

SAME *v.* CHUBB *et al.*

(*District Court, E. D. New York. July 16, 1888.*)

1. SHIPPING—GENERAL AVERAGE—PLACE OF ADJUSTMENT.

The bark Nina Mathilde, with a general cargo from Leghorn, bound for New York, put into Bermuda in distress, where she was subsequently condemned and sold. Portions of the cargo were delivered by the captain at Bermuda to the agent of the consignees, and average bonds were signed at Bermuda by the respondents, whereby they agreed to pay their contribution in accordance with the established usages and laws in similar cases. The adjustment was subsequently stated by New York average adjusters according to New York rules. *Held*, that New York was the proper place for stating the adjustment, and that New York rules must govern; also, that it was plain from the evidence that the parties so understood it at the time of the delivery of the cargo at Bermuda.

2. EVIDENCE—PRESUMPTIONS—LAWS OF FOREIGN COUNTRY.

In the absence of an averment, supported by proof, that the usages and laws of Bermuda are different from the usages and laws of New York in such cases, the court must proceed on the presumption that the usages and laws of Bermuda are similar to the laws in force in the port of New York.

3. ADMIRALTY—PLEADING—AMENDMENT.

Where the proofs show that libelant is entitled to recover more than the amount for which judgment is demanded in the libel, he will not be limited to the amount stated in the pleading, but the libel may be amended in respect to the amount claimed, so as to conform to the facts.

In Admiralty.

*Ullo, Ruebsamen & Hubbe,* for libelant.

*Sidney Chubb,* for respondents.

BENEDICT, J.   These two actions, tried together, were brought by the master of the Italian bark Nina Mathilda, upon two general bonds, to recover of the defendants the contributions in general average shown to be due from them respectively by an adjustment by Jones & Whitlock, average adjusters, at New York, on the 4th of June, 1885.   The defenses set up in the answers were:  *First,* that the disaster in question arose from the unseaworthiness of the vessel; *second,* fraud on the part of the master in procuring the bond; *third,* that the adjustment described in the libel was not made up in accordance with the law and custom in such cases, was not correctly made up, and did not state correctly the amount due from these respondents.   No proof has been offered in support of the first and second of the defenses above stated, and they are accordingly deemed abandoned.   The third defense is insisted on.   The following facts appear:   The Nina Mathilda left Leghorn, Italy, on the 22d of July, 1884, with a general cargo, bound for New York.   During her voyage she encountered a storm, in which her masts, spars, and sails were sacrificed, and by which she was compelled to put into Bermuda in distress.   She arrived in Bermuda on October 3, 1884.   Among the cargo were 265 half cases of citron, consigned to Hill Bros., of New York, which had been insured by Chubb & Son, the defendants in the second-entitled suit; also 75 half cases of citron consigned to Levi Lewis, which had been insured in the Thames & Mersey Company, the defendant in the first-entitled suit.   The citron in these two shipments was transhipped at Bermuda to New York, and, as the answers state, was there received by the consignees.   General average bonds were executed in behalf of the defendants in Bermuda, whereby they severally agreed to pay their proportion of the losses and expenses, when stated and apportioned by a duly and legally authorized adjuster of marine adjustments, in accordance with the established usages and laws in similar cases.   Thereupon an adjustment in general average was stated in New York by Jones & Whitlock, in accordance with the usages and laws governing similar cases in the port of New York, which adjustment states the amount due from Chubb & Son, after giving them credit for some advances made to the master, to be $1,555.25; and the amount due from the Thames & Mersey Company, after all deductions, to be $1,431.89.

After this adjustment had been completed and placed before the underwriters, objections were raised by some of them as to the allowances for sacrifices, as too high, whereupon a compromise was effected with such parties by reducing such allowance one-half. The defendants did not accept the compromise, and declined to pay any sum, and now contend in the support of the third defense set up in the answer that by the terms of the bond the adjustment was to be made in accordance with the established usages and laws in similar cases; that the interests of the defendants and the ship became separated in Bermuda; that the adjustment of Jones & Whitlock, confessedly made in accordance with the usages and laws in force in the port of New York, is not in accordance with the usages and laws in force in Bermuda in similar cases, and accordingly is not in compliance with the terms of the average bond. The difficulty with this contention is that the answer does not permit it. The answer contains a simple averment that the adjustment is not made in accordance with the usages and laws in similar cases. It does not aver that the usages and laws of Bermuda in similar cases differ from the usages and laws in the port of New York in such cases, and sets up no foreign laws. In the absence of such averment, supported by proof, this court must proceed upon the presumption that the usages and laws of Bermuda, in such a matter as this, are similar to the laws in force in the port of New York. Such being the presumption, the evidence which shows that the adjustment was made in accordance with the usages and laws of New York, shows an adjustment in compliance with the terms of the bond. Upon the pleadings and proofs, therefore, the libelant is entitled to recover the amount stated in the adjustment as made by Jones & Whitlock. But the proof discloses a fact fatal to this defense upon another ground. It is plain from the evidence that the understanding of all parties, including these defendants, was that the losses and expenses should be adjusted in New York, the port of destination, whither the cargo was forwarded, and where, according to the pleadings, the defendants' cargo was received by them. Under this agreement, which was supplementary to the bond, and not contradictory thereof, the presumption must be that the agreement contemplated an adjustment stated according to the laws in force where the adjustment was to be made. It is not, therefore, open to the defendants to say that an adjustment, as made in accordance with the laws of New York, is not the adjustment contemplated by the average bond. According to these views, the libelant is entitled to recover the sums stated in the adjustment of Jones & Whitlock to be their proportion of the losses, less their respective advances. This sum cannot be limited because of the compromise effected by other shippers, in which the defendants refused to join. This much they concede, but they say that because the amount claimed in the libel is according to the compromise, and not the full sum stated in the adjustment, the libelant's recovery must be limited to the sum claimed. The libelant is not, however, so limited. The libel may be amended as respects the amount claimed, and it should be so amended to conform to the facts.