# MANSFIELD, COLDWATER & LAKE MICHIGAN RAILWAY COMPANY & Another *v.* SWAN & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO.

Submitted April 2d, 1884.—Decided April 21st, 1884.

*Removal of Causes—Jurisdiction—Costs.*

The necessary citizenship must appear in the record in order to give jurisdiction to a court of the United States.

When a cause is removed from a State court the difference of citizenship on which the right of removal depends must have existed at the time when the suit was begun, as well as at the time of removal.

It is an inflexible rule that the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted. The language of Mr. Justice Curtis in *Dred Scott Case,* 19 How. 566, cited and adopted.

Under the act of March 3d, 1875, 18 Stat. 470, costs may be awarded in a court of the United States against a party wrongfully removing a cause from a State court, when the cause is remanded for want of jurisdiction.

A judgment of this court remanding to a Circuit Court a cause wrongfully removed into it, with directions to remand it to the State court, is an exercise of jurisdiction. In such case costs will be awarded against the party wrongfully removing the cause, when justice and right require.

There was a voluminous record in this case, with a long assignment of errors, and an elaborate brief on behalf of the plaintiffs in error. The court gave no opinion on the questions discussed, but dismissed the case for want of jurisdiction.

*Mr. F. H. Hurd* and *Mr. C. H. Scribner* for plaintiffs in error.

*Mr. I. P. Pugsley* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This was an action at law originally brought in the Court of Common Pleas of Fulton County, Ohio, by John Swan, S. C. Rose, F. M. Hutchinson, and Robert McMann, as partners under the name of Swan, Rose & Co., against the plaintiffs in error. The object of the suit was the recovery of damages for

alleged breaches of a contract for the construction of the railroad of the defendants below. It was commenced June 10th, 1874.

Afterwards on October 28th, 1879, the cause being at issue, the defendants below filed a petition for its removal to the Circuit Court of the United States. They aver therein that one of the petitioners is a corporation created by the laws of Ohio alone, and the other, a corporation consolidated under the laws of Michigan and Ohio, the constituent corporations having been organized under the laws of those States respectively, and that they are, consequently, citizens, one of Ohio, and one of both Michigan and Ohio. It is also alleged, in the petition for removal, "that the plaintiffs, John Swan and Frank M. Hutchinson, at the time of the commencement of this suit, were, and still are, citizens of the State of Pennsylvania; that the said Robert H. McMann was then (according to your petitioners' recollection) a citizen of the State of Ohio, but that he is not now a citizen of that State, but where he now resides or whereof he is now a citizen (except that he is a citizen of one of the States or Territories comprising the United States), your petitioners are unable to state; that he went into bankruptcy in the bankruptcy court held at Cleveland, in the State of Ohio, several years since, and since the alleged claim of the plaintiffs arose, but your petitioners cannot now state whether he has now an assignee in bankruptcy or not, but they are informed and believe that he has not; that the said Stephen C. Rose, at the time of the commencement of this suit, was a citizen of the State of Michigan; that he died therein during the pendency of this suit, and the said Lester E. Rose is the administrator of the estate of the said Stephen C. Rose in the State of Michigan, he holding such office under and by virtue of the laws of that State only, the said Lester E. Rose being a citizen of the State of Michigan when so appointed and now, but that he is not a necessary party as plaintiff in this suit, for the reason, that the suit being prosecuted by the plaintiffs as partners under the firm name and style of Swan, Rose & Co., and for the collection of an alleged debt or claim due to them as such partners, and which arose wholly out of their dealings

as partners, if it exists at all, upon the death of the said Stephen C. Rose the cause of action survived to the other partners."

The petition, being accompanied with a satisfactory bond, was allowed, and an order made for the removal of the cause.

The plaintiffs below afterwards, on December 13th, 1879, moved to remand the cause on the ground, among others, that the Circuit Court had no jurisdiction, because the "real and substantial controversy in the cause is between real and substantial parties who are citizens of the same State and not of different States." But the motion was denied.

Subsequently a trial took place upon the merits, which resulted in a verdict and judgment in favor of the plaintiffs, the defendants in error, for $238,116.18 against the defendants jointly, and the further sum of $116,468.32 against one of them.

Many exceptions to the rulings of the court during the trial were taken and are embodied in a bill of exceptions, on which errors have been assigned, and the writ of error is prosecuted by the defendants below to reverse this judgment.

An examination of the record, however, discloses that the Circuit Court had no jurisdiction to try the action; and as, for this reason, we are constrained to reverse the judgment, we have not deemed it within our province to consider any other questions involved in it.

It appears from the petition for removal, and not otherwise by the record elsewhere, that, at the time the action was first brought in the State corrt, one of the plaintiffs, and a necessary party, McMann, was a citizen of Ohio, the same State of which the defendants were citizens. It does not affirmatively appear that at the time of the removal he was a citizen of any other State. The averment is, that he was not then a citizen of Ohio, and that his actual citizenship was unknown, except that he was a citizen of one of the States or Territories. It is consistent with this statement, that he was not a citizen of any State. He may have been a citizen of a Territory, and, if so, the requisite citizenship would not exist. *New Orleans* v. *Winter*, 1 Wheat. 91. According to the decision in *Gibson* v. *Bruce*, 108 U. S. 561, the difference of citizenship on

which the right of removal depends must have existed at the time when the suit was begun, as well as at the time of the removal. And according to the uniform decisions of this court, the jurisdiction of the Circuit Court fails, unless the necessary citizenship affirmatively appears in the pleadings or elsewhere in the record. *Grace* v. *American Central Insurance Company*, 109 U. S. 278, 283; *Robertson* v. *Cease*, 97 U. S. 646. It was error, therefore, in the Circuit Court to assume jurisdiction in the case, and not to remand it, on the motion of the plaintiffs below.

It is true that the plaintiffs below, against whose objection the error was committed, do not complain of being prejudiced by it; and it seems to be an anomaly and a hardship that the party at whose instance it was committed should be permitted to derive an advantage from it; but the rule, springing from the nature and limits of the judicial power of the United States, is inflexible and without exception, which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act. On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes. This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it. This rule was adopted in *Capron* v. *Van Noorden*, 2 Cranch, 126, decided in 1804, where a judgment was reversed, on the application of the party against whom it had been rendered in the Circuit Court, for want of the allegation of his own citizenship, which he ought to have made to establish the jurisdiction which he had invoked. This case was cited with approval by Chief Justice Marshall in *Brown* v. *Keene*, 8 Pet. 112.

In *Jackson* v. *Ashton*, 8 Pet. 148, the court itself raised and insisted on the point of jurisdiction in the Circuit Court; and in that case, it was expressly ruled, that because it did not appear that the Circuit Court had jurisdiction, this court, on

appeal, had no jurisdiction except for the purpose of reversing the decree appealed from, on that ground.   And in the most recent utterance of this court upon the point in *Börs* v. *Preston*, *ante*, 252, it was said by Mr. Justice Harlan: "In cases of which the Circuit Courts may take cognizance only by reason of the citizenship of the parties, this court, as its decisions indicate, has, except under special circumstances, declined to express any opinion upon the merits, on appeal or writ of error, where the record does not affirmatively show jurisdiction in the court below; this, because the courts of the Union, being courts of limited jurisdiction, the presumption in every stage of the cause is, that it is without their jurisdiction, unless the contrary appears from the record."   The reason of the rule, and the necessity of its application, are stronger and more obvious, when, as in the present case, the failure of the jurisdiction of the Circuit Court arises, not merely because the record omits the averments necessary to its existence, but because it recites facts which contradict it.

In the *Dred Scott Case*, 19 How. 393–400, it was decided that a judgment of the Circuit Court, upon the sufficiency of a plea in abatement denying its jurisdiction, was open for review upon a writ of error sued out by the party in whose favor the plea had been overruled.   And in this view Mr. Justice Curtis, in his dissenting opinion, concurred; and we adopt from that opinion the following statement of the law on the point: "It is true," he said, 19 How. 566, "as a general rule, that the court will not allow a party to rely on anything as cause for reversing a judgment, which was for his advantage. In this, we follow an ancient rule of the common law.   But so careful was that law of the preservation of the course of its courts, that it made an exception out of that general rule, and allowed a party to assign for error that which was for his advantage, if it were a departure by the court itself from its settled course of procedure.   The cases on this subject are collected in Bac. Ab. Error H, 4.   And this court followed this practice in *Capron* v. *Van Noorden*, 2 Cranch, 126, where the plaintiff below procured the reversal of a judgment for the defendant on the ground that the plaintiff's allegations of

citizenship had not shown jurisdiction. But it is not necessary to determine whether the defendant can be allowed to assign want of jurisdiction as an error in a judgment in his own favor. The true question is, not what either of the parties may be allowed to do, but whether this court will affirm or reverse a judgment of the Circuit Court on the merits, when it appears on the record, by a plea to the jurisdiction, that it is a case to which the judicial power of the United States does not extend. The course of the court is, where no motion is made by either party, on its own motion, to reverse such a judgment for want of jurisdiction, not only in cases where it is shown negatively, by a plea to the jurisdiction, that jurisdiction does not exist, but even when it does not appear affirmatively that it does exist. *Pequignot* v. *The Pennsylvania Railroad Company*, 16 How. 104. It acts upon the principle that the judicial power of the United States must not be exerted in a case to which it does not extend, even if both parties desire to have it exerted. *Cutler* v. *Rae*, 7 How. 729. I consider, therefore, that when there was a plea to the jurisdiction of the Circuit Court in a case brought here by a writ of error, the first duty of this court is, *sua sponte*, if not moved to it by either party, to examine the sufficiency of that plea, and thus to take care that neither the Circuit Court nor this court shall use the judicial power of the United States in a case to which the Constitution and laws of the United States have not extended that power."

This is precisely applicable to the present case, for the motion of the plaintiffs below to remand the cause was equivalent to a special plea to the jurisdiction of the court; but the doctrine applies equally in every case where the jurisdiction does not appear from the record.

It was so applied in the case of *United States* v. *Huckabee*, 16 Wall. 414. There the United States had commenced proceedings in the Circuit Court, under the confiscation acts, to condemn certain real estate, which had been sold by its owners, the defendants in error, to the Confederate government. The United States had, in fact, captured the property during the flagrancy of war, it being an iron foundry and works used for

the manufacture of munitions of war, and had afterwards sold it to Lyon. Huckabee intervened as a claimant, and answered the libel, setting up a claim of title in himself and associates. Lyon also filed an answer, setting up his title, and was made a co-plaintiff with the United States. A decree was made dismissing the libel, and confirming the title of Huckabee. The United States and Lyon prosecuted a writ of error to reverse this judgment. This court decided that the Circuit Court was without jurisdiction of the subject matter, as it was not a case contemplated by the confiscation acts, and that it could not be treated as a private suit in equity between the claimants for the determination of their conflicting titles, because the remedy at law was adequate, and also because they were citizens of the same State. It decided, therefore, that the Circuit Court had no jurisdiction to render any decree in the case upon the merits of the controversy. In stating the conclusion of the court, Mr. Justice Clifford, who delivered its opinion, said, p. 435 : "Usually where a court has no jurisdiction of a case, the correct practice is to dismiss the suit, but a different rule necessarily prevails in an appellate court in cases where the subordinate court was without jurisdiction and has given judgment or decree for the plaintiff, or improperly decreed affirmative relief to a claimant. In such a case, the judgment or decree in the court below must be reversed, else the party which prevailed there would have the benefit of such judgment or decree, though rendered by a court which had no authority to hear and determine the matter in controversy."

There, it will be observed, the plaintiffs in error were seeking to reverse on the merits an adverse decree, vesting title in the opposing party, in a proceeding instituted by themselves. The court reversed that decree to their advantage, for want of the jurisdiction in the court below which they had invoked and set in motion.

An analogous principle was acted on in *Barney* v. *Baltimore*, 6 Wall. 280, where a decree of the Circuit Court, dismissing a bill on the merits, was reversed because that court had no jurisdiction, and a decree of dismissal without prejudice directed; and in *Thompson* v. *Railroad Companies*, 6 Wall.

134, where the question was one purely of procedure, whether the remedy was at law or in equity, although, in that class of cases, where the jurisdiction relates to the subject matter and is administered by the same court, but in another form of proceeding, it would seem more reasonable that the objection might be waived by the conduct of the parties. See, also, *Hurt* v. *Hollingsworth*, 100 U. S. 100. And in *Williams* v. *Nottawa*, 104 U. S. 209, it was held to be the duty of the Circuit Court to execute the provisions of the 5th section of the act of March 3d, 1875, c. 137, 18 Stat. pt. 3, p. 470, by dismissing a suit of its own motion, whenever it appeared that it did not really and substantially involve a dispute or controversy properly within its jurisdiction, and equally so of this court, when, on error or appeal, it appeared that the Circuit Court had failed to do so, in a proper case, to reverse its judgment or decree for that reason, and to remand the cause with direction to dismiss the suit.

In *Grace* v. *American Central Insurance Company*, 109 U. S. 278, it is true that this court passed upon all the questions in the case affecting its merits, although it reversed the judgment because the jurisdiction of the Circuit Court was not apparent; but it was thought convenient and proper to do so, in that case, because the record itself made it probable that its omission of the statements necessary to show jurisdiction was inadvertent, and might be supplied for a future trial in the same court. In the present case, however, the want of jurisdiction appears affirmatively from the record.

For these reasons the judgment of the Circuit Court must be reversed, and the cause remanded with directions to remand the same to the Court of Common Pleas of Fulton County, Ohio.

It remains, however, to dispose of the question of costs.

It is clear that the plaintiffs in error, having wrongfully caused the removal of the cause from the State court, ought to pay the costs incurred in the Circuit Court, and there is no want of power in the court to award a judgment against them to that effect. By sec. 5 of the act of March 3d, 1875, the Circuit Court is directed, in remanding a cause, to "make such

order as to costs as shall be just;" and the bond given by the removing party under sec. 3 is a bond to pay "all costs that may be awarded by the said Circuit Court, if said court shall hold that such suit was wrongfully or improperly removed thereto." These provisions were manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs. *McIver* v. *Wattles*, 9 Wheat. 650; *The Mayor* v. *Cooper*, 6 Wall. 247.

As to costs in this court, the question is not covered by any statutory provision, and must be settled on other grounds. Ordinarily, by the long established practice and universally recognized rule of the common law, in actions at law, the prevailing party is entitled to recover a judgment for costs, the exception being that where there is no jurisdiction in the court to determine the litigation, the cause must be dismissed for that reason, and, as the court can render no judgment for or against either party, it cannot render a judgment even for costs. Nevertheless there is a judgment or final order in the cause dismissing it for want of jurisdiction. Accordingly, in *Winchester* v. *Jackson*, 3 Cranch, 514, costs were allowed where a writ of error was dismissed for want of jurisdiction, the parties not appearing upon the record to be citizens of different States, the plaintiff in error being plaintiff below. But in respect to that case, it is to be observed, that the want of jurisdiction disclosed by the record was that of the Circuit Court, and that there was jurisdiction in this court to consider and determine the question of the jurisdiction of the Circuit Court, and to reverse its judgment, had it been the other way, for want of jurisdiction. And the judgment for costs in that case is justified on that ground, and seems to have been rendered against the plaintiff in error, because he was the losing party in the sense of having ineffectually invoked the jurisdiction of the Circuit Court. And this is just what has taken place in the present suit. Here the plaintiffs in error wrongfully removed the cause to the Circuit Court. They seek by a writ of error to this court to reverse upon the merits the judgment rendered

against them, and bring here the whole record. That discloses the want of jurisdiction in the Circuit Court to render any judgment, and this court, in the exercise of its jurisdiction, reverses the judgment for that reason alone, its jurisdiction extending no further. It could not dismiss the writ of error for want of jurisdiction in the Circuit Court, for that would be to give effect to such want of jurisdiction; and this court has jurisdiction of the writ of error to reverse the judgment on that ground. *Assessor* v. *Osbornes,* 9 Wall. 567–575.

In *Montalet* v. *Murray,* 4 Cranch, 46, the judgment was reversed, because it did not appear from the record that the Circuit Court had jurisdiction, and with costs, following *Winchester* v. *Jackson, ubi supra,* and thereupon, it is stated in the report, that, "on the last day of the term, the court gave the following general directions to the clerk: that in cases of reversal, costs do not go of course, but in all cases of affirmance they do; and that when a judgment is reversed for want of jurisdiction, it must be without costs." No formal rule of the court covers the case of a reversal on that ground, although paragraph 3 of Rule 24, which provides, that in "cases of reversal of any judgment or decree in this court, costs shall be allowed to the plaintiff in error or appellant, unless otherwise ordered by the court," leaves room for the exercise of discretion in its application to such cases. The whole subject was very much discussed by Mr. Justice Woodbury in the case of *Burnham* v. *Rangeley,* 2 Woodb. & Min. 417–424, where he collects a large number of authorities on the subject. In the present case, the writ of error is not dismissed for want of jurisdiction in this court; on the contrary, the jurisdiction of the court is exercised in reversing the judgment for want of jurisdiction in the Circuit Court; and although, in a formal and nominal sense the plaintiffs in error prevail in obtaining a reversal of a judgment against them, the cause of that reversal is their own fault in invoking a jurisdiction to which they had no right to resort, and its effect is, to defeat the entire proceeding which they originated and have prosecuted. In a true and proper sense, the plaintiffs in error are the losing and not the prevailing party, and this court having jurisdiction upon their

writ of error so to determine, and in that determination being compelled to reverse the judgment, of which on other grounds they complain, although denying their right to be heard for that purpose, has jurisdiction, also, in order to give effect to its judgment upon the whole case against them, to do what justice and right seem to require, by awarding judgment against them for the costs that have accrued in this court.

The judgment of the Circuit Court is accordingly reversed, with costs against the plaintiffs in error, and the cause is remanded to the Circuit Court, with directions to render a judgment against them for costs in that court, and to remand the cause to the Court of Common Pleas of Fulton County, Ohio; and

*It is so ordered.*