(Superior Court of Cincinnati.)
General Term, 1897.

BESSIE G. HUNTER v. THE INTERNATIONAL FRATERNAL ALLIANCE, a corporation under the laws of the State of Maryland.

---

The plaintiff's intestate, in applying for insurance in the defendant company, gave incorrect answers as to certain immaterial matters, which in no wise affected the risk, and were given in an honest belief as to their truthfulness.

Held, That these answers were not such absolute warranties as would invalidate the contract of insurance and defeat plaintiff's right to recover.

---

JACKSON, J., SMITH and HUNT, JJ, concur.

This action was brought by the plaintiff, Bessie G. Hunter, as widow of William A. Hunter, deceased, seeking to recover from the defendant the sum of fifteen hundred dollars with interest from May 4, 1896, upon a certificate of membership which was issued to the deceased by the defendant on the 6th day of August, 1894.

The certificate of membership upon its face calls for the payment to the plaintiff as the beneficiary named therein, of the sum of fifteen hundred dollars upon the death of said William A. Hunter. During his lifetime William A. Hunter paid all assessments and dues levied upon him by the association according to the terms of the contract of membership; but upon the trial of the case below it was contended on the part of the defendant that the certificate of membership held by William A. Hunter was vitiated by reason of certain answers which were made by said Hunter in his application for membership, which answers, it is claimed, were not strictly correct. The case was tried by the defendant below upon the theory that any incorrect statement, however immaterial, made by an applicant for membership in the defendant association, vitiates the contract of membership, on the ground that each statement or answer to any question made by the applicant becomes a warranty, and that the absolute truth of every statement made by said applicant is a condition precedent to a valid contract of membership.

The condition to which we must refer for the construction of the contract in this respect is found in the application for membership, and is as follows:

"I, the above named applicant, do hereby declare that I have made full and correct answers to all questions in Forms A and B; and, whether said answers are in my own handwriting or not, I adopt them as my own, warranting them to be true and complete statements of all material facts within my knowledge."

Upon the trial of the case below the court, at the instance of the defendant in error, gave to the jury a number of special charges which fully sustained defendant's claim that each and every answer made by the applicant for membership to any question became a warranty; and that the absolute truth of each and every such answer was a condition precedent to the formation of a valid contract of membership between the party so applying and the company.

The language of the court in its charge as follows:

"I charge you that the foregoing provisions of the certificate of membership sued upon here, with the provisions above referred to contained in the application upon which said certificate of membership was issued, as a matter of law made the answers of said William

A. Hunter to the questions contained in forms A and B in said application, warranties, and the literal truth of each and every answer, the untruthfulness of which is claimed by the defendant in the pleadings herein, is a condition precedent to the right of plaintiff to recover in this action. The materiality of the question and answer is entirely irrelevant. If any or all of said answers complained of by defendant as untrue be, as a matter of fact, untrue, then the plaintiff in this action is not entitled to recover, and it is not for the jury to consider whether such questions and answers be relevant or irrelevant to the risk."

Among the untruthful answers which it is claimed said William A. Hunter gave in his application for membership, was the statement by him that he had not consulted a physician within ten years prior to his application for membership. The evidence showed that some years prior the applicant had consulted a physician for some very trivial throat trouble. It also shows that the applicant had entirely forgotten the matter at the time of making this statement, and that the ailment was of such a trivial nature that the physician made no note or memorandum of the fact. Upon this point the court, at the request of defendant, charged the jury as follows:

"If as a matter of fact he did professionally consult a physician for any ailment, serious, trivial, temporary or imaginary, or was prescribed for or professionally treated by a physician for any ailment, though trivial, temporary or imaginary, his answer that he had not consulted a physician, been prescribed for or professionally treated within ten years, was false, and therefore it is your duty to return a verdict for the defendant."

Another question which it is claimed the applicant answered falsely, and which is therefore claimed vitiated the contract, was that prior to his application for membership in the defendant company he had not applied for life insurance in any other company. The evidence in the case shows that while he had made such application, he was not aware of the fact that he had become insured.

Upon this theory of the case the court, at the instance of defendant below, submitted to the jury the following questions:

1. At the time William A. Hunter, the deceased husband of the plaintiff, made the application for membership in defendant, in evidence before you, viz., August 2, 1894, had he ever applied for life insurance to any life insurance company?

Which question the jury answered, "Yes."

2. At the time said William A. Hunter made the application for membership in the defendant, in evidence before you, viz., August 2, 1894, was he then insured in the Providential Life Insurance Company of America?

Which the jury answered, "Not to his knowledge."

3 At the time said William A. Hunter made the application for membership in defendant, in evidence before you, viz., August 2, 1894, had he personally con sulted a physician, been prescribed for or professionally treated, within the past ten years prior thereto?

Which question the jury answered, "Yes."

4. At the time said William A. Hunter made the application for membership in defendant, in evidence before you, viz., August 2, 1894, did he then have a family physician?

Which question the jury answered, "No."

5 At the time said William A. Hunter made the application for membership in defendant, in evidence before you, viz., August 2, 1894, had he ever had bronchitis?

Which question the jury answered, "No."

The jury returned a verdict for the plaintiff in the sum of $1,582.50. The court thereupon set aside the general verdict as being inconsistent with the special findings of facts, and rendered judgment in favor of defendant upon such special findings.

From the evidence in the case we are satisfied that the answers made by Hunter in his application for membership, which defendant claims were false and upon which it relies to vitiate the contract, were not of material facts, and that they could not in any way have affected the risk; and we are also satisfied that such answers were made innocently and in belief of their truth.

The only question then to be decided is: Did answers to immaterial matters, which could in no wise affect the risk, and which were made in an honest belief in their truthfulness, vitiate the contract because, as defendant in error claims, they were absolute warranties, and their exact truth was a condition precedent? Our conclusion is that the answers were not such warranties as would invalidate the contract and defeat plaintiff's right to recover.

This position we think is sound, and sustained by reason and the natural justice of the case. It is moreover, abundantly sustained by the authorities.

In Bliss on Insurance, section 56, a provision almost similar to the one which is relied upon in this case as establishing a warranty, is considered. It is there stated:

"Thus where the assured convenanted that the application contained a just,

full and true exposition of all the facts and circumstances so far as the same were known to the applicant and were material to the risk, and the policy declared that the application was made part of it, and that it was made and accepted upon the representations of the assured in his application, the statements made in the application were held to be warranties only so far as the facts stated are known to the applicant and are material to the risk."

In the case of Redman v. the Hartford Fire Insurance Co., 47 Wis., 89, the same rule is laid down. In this case it is said:

"The use of the word 'warranty' in a contract will not always control its construction, as there may be a warranty without the use of that word, and its use will not always create one."

It was there held that a statement that the applicant covenants and agrees with the company "that the foregoing is a just, full and true exposition of all the facts and circumstances in regard to the condition, situation, value and risk of the property to be insured so far as the same are known to the applicant, and are material to the risk" in the application upon which the policy was issued, will not void the policy merely because the application contains some false statements of facts; but it must be shown that they were known by the assured to be false and that they were material to the risk.

In the case of Moular v. the American Life Insurance Company, 111 U. S., 335, the doctrine is reaffirmed that when a policy of insurane contains contraditory provisions, or has been so framed as to leave room for construction, rendering it doubtful whether the parties intended the exact truth of the applicant's statements to be a condition precedent to any binding contract, the court should lean against that construction which imposes upon the assured the obligations of a warranty. In that case it was said:

"In the absence of explicit stipulations requiring such an interpretation it should not be inferred that the insured took a life policy with the understanding that it should be void if at any time in the past he was, whether conscious of the fact or not, afflicted with the diseases, or any one of them, specified in the questions propounded by the company. Such a construction of the contract should be avoided unless clearly demanded by the established rules governing the interpretation of written instruments."

We are therefore of the opinion that the court erred in giving to the jury the special requests asked for by the defendant holding that the answers made by the applicant were absolute warranties and conditions precedent to a valid contract of membership; and

That the court erred in setting aside the general verdict in favor of the plaintiff, and in rendering judgment in favor of the defendant.

For these reasons the judgment of the court below is reversed, and the cause remanded to Special Term for further proceedings not inconsistent with this opinion.

Jerome D. Creed, for Plaintiff in Error.

Franklin T. Cahill, for Defendant in Error.