**Robert J. HARPER, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

**Civ. No. 92–1132(JBS).**

United States District Court, D. New Jersey.

Aug. 19, 1992.

---

Robert J. Harper, pro se.

Eric G. Moskowitz, Deputy Asst. General Counsel for Sp. Litigation, N.L.R.B., Washington, DC, Jeremy D. Frey, Asst. U.S. Atty., Camden, NJ, for defendant.

## OPINION

SIMANDLE, District Judge:

Currently before the court is defendant's motion to dismiss plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b). For the following reasons, the motion will be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 1992, plaintiff Robert Harper ("Harper"), filed a complaint against the National Labor Relations Board ("the NLRB" or "the Board"), seeking review of the NLRB's certification of a unit for collective bargaining purposes in case #4–RC–17578, a nullification of the election which resulted from the decision, and an injunction prohibiting Trump Taj Mahal ("the Taj") from collective bargaining with the International Alliance of Theatrical Stage Employees Local 917 ("Local 917") and the International Union of Operating Engineers Local 68A ("Local 68A"). On March 17, 1992 plaintiff filed an amended complaint against the NLRB, which sought the same relief, and added a claim that his due process rights were violated during the representation proceeding. On March 18, 1992, plaintiff filed an application for a temporary restraining order, which he withdrew by letter to the court dated May 26, 1992.

Plaintiff's complaint challenges the composition of the bargaining unit certified by the NLRB. The material facts underlying the allegation are set forth as follows.

Local 917 and Local 68A filed a joint petition with Region 4 of the Board for a representation election to be conducted in a unit of employees at the Trump Taj Mahal under Section 9(c) of the National Labor Relations Act, 29 U.S.C. § 159(c) ("the Act"). On April 19, 1991 the Regional Director for Region 4 issued a decision and direction of election in *Trump Taj Mahal Associates and International Alliance of Theatrical Stage Employees, Local 917 and International Union of Operating Engineers Local 68A*, Case 4–Rc–17578. The director found that the petitioned-for unit of full-time and regular part-time entertainment and audio-visual technicians, including "casual" employees who worked intermittently but averaged more than four (4) hours of work per week during the last quarter prior to the eligibility date were an eligible bargaining unit.

The employer filed a request for review of the Regional Director's decision in Washington, pursuant to 29 C.F.R. 102.67. The employer argued that: (1) the appropriate bargaining unit for collective bargaining purposes should include all entertainment department employees, including ushers, ticket takers, and box office clerks; and (2) that the petitioned-for unit improperly included casual employees because those employees work on a sporadic and intermittent basis with no reasonable expectation of continued employment. The Board partially granted the employer's request, and agreed to review only the issue of the unit inclusion and eligibility of the employer's "casual" technicians. The election went forward on May 20, 1991, and the ballots were impounded pending the Board's Decision on Review.

The Board affirmed the Regional Director's decision and direction of election, and concluded that the Regional Director applied an appropriate eligibility formula to determine whether employees on the casual

list maintained by the employer should be included in the unit. 306 NLRB No. 57, 139 LRRM 1273 (February 11, 1992) (Attached as Exhibit "C" to Defendant's Brief). On March 3, 1992, after a tally of the ballots, the Board certified Local 917 and Local 68A as joint representatives of a unit including all full-time and regular part-time lead technicians and technicians employed in the entertainment department of the Taj. Exhibit "D" to Defendant's Brief.

Dissatisfied with this decision, the plaintiff filed the instant action to nullify the vote which led to the certification of Locals 917 and 68A as joint representatives and to enjoin the unions from engaging in collective bargaining on behalf of the alleged unit. The plaintiff attached petitions which purport to contain the signatures of various members of the unit who allegedly seek a nullification of the vote.

Defendant filed the instant motion to dismiss the complaint on March 20, 1992. Defendant had previously notified plaintiff of its intent to file, pursuant to Rule 12, Appendix N to the General Rules of the United States District Court for the District of New Jersey, adopted by this judge, which requires parties to confer before filing dispositive motions. Plaintiff further received notice of the filing of the motion itself and received copies of the defendant's moving papers. Cover Letter to Defendant's Motion, dated May 18, 1992. Despite having received this notice and the opportunity to respond, plaintiff has filed no opposition to the instant motion.

## II. DISCUSSION

The court begins this discussion by noting that the paucity and lack of clarity of plaintiff's amended complaint, coupled with plaintiff's failure to file any opposition to the instant motion, has rendered it difficult for the court to discern the bases of plaintiff's complaint. However, the relief which plaintiff seeks appears plainly enough—he desires a reversal of the decision of the Board which identified the previously described class of employees as a bargaining unit and injunctive relief forbidding the

chosen unions from bargaining with the Taj.

It is axiomatic that the federal courts are courts of limited jurisdiction. As the Supreme Court long ago stated with respect to the power of the federal courts, "the first and fundamental question is that of jurisdiction ... This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it." *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884), *quoted in Bender v. Williamsport Area School District*, 475 U.S. 534, 546, 106 S.Ct. 1326, 1334, 89 L.Ed.2d 501 (1986).

 One of plaintiff's asserted bases for the jurisdiction of this court is 29 U.S.C. § 185. This section does not apply to the litigation as presently before this court. By its language, the section applies to "suits for violation of contracts between an employer and a labor organization ..." 29 U.S.C. § 185(a). As plaintiff has not alleged the breach of any contract, and the NLRB is neither an employer nor a labor organization, this section provides no basis for plaintiff's requested relief. The employer in this case is the Taj, and the labor organizations involved are Local 68A, Operating Engineers and Local 917, International Alliance of Theatrical Stage Employees. Plaintiff has failed to name any of these entities as defendants in this matter. The section is thus inapplicable. The only arguable basis of jurisdiction asserted by the plaintiff is 29 U.S.C. § 157, which governs the right of employees to organize and bargain collectively.

The Congress has limited the review of NLRB Orders to very limited circumstances. If the Board concludes that a party is committing an unfair labor practice, it is empowered 'to issue an order forbidding any further such occurrence. 29 U.S.C. § 160(a). If the party remains recalcitrant in the face of an order from the Board, the Board can petition in one of the courts of appeals to enforce the order. 29 U.S.C. § 160(e). Similarly, any party who considers itself aggrieved by any such order may petition in certain specified

courts of appeals. 29 U.S.C. § 160(f). Thus, this district court has no statutory jurisdiction in the first instance over any challenge to an order of the NLRB by an allegedly aggrieved party.

■■■ The Supreme Court has explicitly stated that "Board orders in certification proceedings under § 9(c) are [ordinarily] not directly reviewable in the courts." *Boire v. Greyhound Corp.*, 376 U.S. 473, 476, 84 S.Ct. 894, 896, 11 L.Ed.2d 849 (1964). This is because these orders do not constitute "final orders" subject to review in the Courts of Appeals pursuant to 29 U.S.C. § 160(e) and (f). *Id.* Certification decisions are "normally reviewable only where the dispute concerning the correctness of the certification eventuates in a finding by the Board that an unfair labor practice has been committed." *Id.* at 477, 84 S.Ct. at 896. The Supreme Court recognized and approved of the fact that this procedure "imposes significant delays upon attempts to challenge the validity of Board orders in certification proceedings." *Id.*

This district court must recognize this congressional limitation upon its jurisdiction to review agency action where the Congress has imposed a comprehensive scheme for review of some matters and not others, in some courts and not others. *See Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

The Court in *Boire* identified two exceptions to this general rule against reviewability of certification decisions, neither of which are alleged by plaintiff to be present here. In *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), the Board had approved as a bargaining unit a group which included both professional and non-professional employees in direct contravention of a statutory prohibition on such a combination. Thus, the court held that jurisdiction was proper in a federal district court over a dispute which was "not one to 'review,' in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and con-

trary to a specific prohibition in the Act." *Id.* at 188, 79 S.Ct. at 184.

Plaintiff has not provided this court with any statutory authority which forbade the Board from certifying a bargaining unit which included "casual" employees who worked on average more than four hours per week for the employer in the previous quarter. In fact, the Board has consistently permitted certifications of bargaining units which contain such workers pursuant to a formula set forth in *Davison–Paxon Co.*, 185 N.L.R.B. 21, 23–24 (1970). *See, e.g., Northern California Visiting Nurses Association*, 299 N.L.R.B. No. 148 (Sept. 27, 1990); *Sisters of Mercy Health Corp.*, 298 N.L.R.B. No. 72 (May 11, 1990).

Nor is the second exception identified in *Boire* applicable here. The *Boire* court referred to an exception permitting district court jurisdiction where the compelling need exists to determine the applicability of the laws of the United States to foreign entities. *Boire*, 376 U.S. at 480, 84 S.Ct. at 898 (citing *McCulloch v. Sociedad Nacional*, 372 U.S. 10, 83 S.Ct. 671, 9 L.Ed.2d 547 (1963)). This exception does not apply to the instant dispute raised by a domestic individual against a domestic entity.

Plaintiff also alleges in his complaint that defendant's conduct has in some manner violated his constitutional right to due process of law. Amended Complaint at ¶ 9. In support of this claim, plaintiff argues that "[t]he union process was perverted, employees were misinformed as to what union would govern them." *Id.* Plaintiff further argues that "[t]he inconsistencies concerning the vote, and the union jurisdictions, are too numerous to detail." *Id.* at ¶ 10.

Where the Congress has explicitly limited district court jurisdiction over certain matters, a litigant may not bootstrap into district court jurisdiction simply by characterizing a claim as raising constitutional questions. *Califano v. Sanders*, 430 U.S. at 109, 97 S.Ct. at 986, citing *Weinberger v. Salfi*, 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522 (1975) (constitutional claims will not be heard in the federal district courts if there is "clear and con-

vincing" evidence that Congress drafted statutory provisions with an intent to foreclose them); *Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 1165–66, 39 L.Ed.2d 389 (1974). The court concludes that the detailed procedure established by the Congress for the review of National Labor Relations Board certification proceedings and recognized as valid by the Supreme Court in *Boire* notwithstanding its negative effect on the ability of litigants to challenge union certifications forecloses the review of plaintiff's alleged constitutional claims. This court simply has no jurisdiction to address plaintiff's claims.[1]

## III. CONCLUSION

For the foregoing reasons, the court concludes that plaintiff's complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(2), as the court has no jurisdiction over the subject matter

Joseph M. Donley, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for plaintiff.

Edward J. Pluimer, Dorsey & Whitney, Minneapolis, MN, Mitchell S. Pinsly, Margolis, Edelstein, Scherlis, Sarowitz & Kraemer, Philadelphia, PA, for defendant.

---

1. Even if this court were to conclude that it had jurisdiction over plaintiff's claims, the court would conclude that plaintiff's failure to exhaust his administrative remedies would require the dismissal of this action. *See, e.g., Facchiano v. U.S. Dept. of Labor,* 859 F.2d 1163 (3d Cir. 1988), *cert. denied,* 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989). 29 C.F.R. § 102.69 establishes a comprehensive procedure for challenging the results of union elections and for filing objections to certification of the election. Plaintiff has not alleged that he filed any such objections, and it is apparent from the Certification of Representative following the election that "[n]o timely objections [were] filed." Exhibit "D" to Defendant's Brief. Thus, it is readily apparent that plaintiff has failed to exhaust his available administrative remedies.