Brenda WEST–ANDERSON, Plaintiff,

v.

Jamie M. SAUNDERS, Defendant.

Civil Action No. 03–2005–GTV.

United States District Court, D. Kansas.

March 3, 2003.

Brenda West–Anderson, Kansas City, KS, pro se.

Jamie M. Saunders, pro se.

## MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

Plaintiff Brenda West–Anderson, proceeding *pro se*, brings this case alleging that Defendant Jamie M. Saunders, also proceeding *pro se*, "specifically, particularly, recklessly, slanderously and libelously, named and falsely accused Plaintiff . . . of assisting [a] Debtor . . . in committing Federal Bankruptcy Fraud. . . ." Plaintiff alleges that this court has jurisdiction over her case pursuant to 28 U.S.C. § 1331 because the case involves a federal question, and pursuant to 28 U.S.C. § 1334 because the controversy "relates to a Title 11, Federal Bankruptcy case and proceeding and Title 18 Federal Criminal Code." Plaintiff properly does not allege that this court has diversity jurisdiction over her case; both Plaintiff and Defendant are residents of Kansas. For the following reasons, the court determines that it lacks subject matter jurisdiction over Plaintiff's case, and dismisses the case.

Federal courts are courts of limited jurisdiction. The court has a duty to examine whether it has jurisdiction over a case *sua sponte*. *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884); *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir.1986); see also Fed.R.Civ.P. 12(h)(3).

Federal question jurisdiction exists where the action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Plaintiff's claim does not arise under federal law. Plaintiff's claim is a state law claim for libel and slander. That the claim arose in the context of a federal bankruptcy proceeding is inapposite as to whether this court has federal question jurisdiction. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). Accordingly, the court concludes that it lacks § 1331 jurisdiction over Plaintiff's case.

Jurisdiction under 28 U.S.C. § 1334 exists when a civil proceeding is "related to" a bankruptcy case under Title 11. 28 U.S.C. § 1334(b). A matter is "related to" a bankruptcy case when " 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)); *Benedictine Coll., Inc. v. Century Office Prods., Inc.*, 866 F.Supp. 1323, 1327 (D.Kan.1994) (citation omitted). "Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate." *In re Gardner*, 913 F.2d at 1518 (citations omitted). The court concludes that the outcome of this case could not affect the bankruptcy proceeding at issue. Plaintiff is not the debtor in bankruptcy, and the debtor is not a party in this case. Plaintiff simply prepared the debtor's Chapter 13 bankruptcy

petition.  Any ruling for or against Plaintiff in this case will have no effect on the bankruptcy estate.  For this reason, the court lacks jurisdiction pursuant to 28 U.S.C. § 1334.

IT IS THEREFORE BY THE COURT ORDERED THAT the case is dismissed for lack of subject matter jurisdiction.  All pending motions are denied as moot.

The case is closed.

**IT IS SO ORDERED.**