McCONNELL, Circuit Judge,
concurring.
I join the opinion of the Court, and write separately only to clarify what I understand to be this Court’s holding with respect to the requirement of Section 19(b) of the NGA that “[n]o objection to the order of the Commission shall be considered by the court [of appeals] unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do.” 15 U.S.C. § 717r(b). Petitioner Fuel Safe Washington has relied on dictum from Union Electric Co. v. Federal Power Commission, 326 F.2d 535 (8th Cir.1964), to argue that challenges to the regulatory jurisdiction of the agency may be raised for the first time on appeal. On the contrary, there is no exception to § 19(b) for challenges to the scope of an agency’s regulatory jurisdiction.
The statement in Union Electric on which petitioner relies (“jurisdiction over the subject matter cannot be waived by the parties by either action or lack of action”), 326 F.2d at 540, was pure dictum. See id. (“It, however, is not necessary for this Court to rule upon that contention .... ”). Moreover, petitioner has not cited and I have not found any decision adopting the dictum as the holding of a court. The Union Electric dictum was based on an analogy to challenges to the subject matter jurisdiction of the federal courts, which cannot be waived by the parties and can, accordingly, be raised for the first time on appeal and even sua sponte by any federal court. See, e.g., Bender v. Williamsport Area School District, 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). That principle, however, is grounded in “the nature and limits of the judicial power of the United States,” which is constitutional in nature, and “inflexible and without exception.” Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). The scope of regulatory jurisdiction and of the procedural limitations on appellate challenges to regulatory agency decisions, by contrast, is a matter of policy for Congress to decide. Congress has stated in no uncertain terms that “[n]o objection” to a FERC order “shall be considered by the court [of appeals]” unless the petitioner has raised the objection before the Commission in a petition for rehearing or has reasonable grounds for failure to do so. 15 U.S.C. § 717r(b). Congress had not exempted challenges to regulatory jurisdiction from that requirement, and we have no authority to do so.
Contrary to the Union Electric dictum, the authority of a federal regulatory commission is not analogous to the subject matter jurisdiction of a federal court. Often, the scope of regulatory jurisdiction depends-as here-on technical questions falling within the expertise of the agency. See, e.g., Aquenergy Sys., Inc. v. FERC, 857 F.2d 227, 230 (4th Cir.1988) (FERC jurisdiction challenged on the ground that the operation did not affect interstate commerce; court declined to consider the issue on the ground that it was not presented to the Commission). Such questions must be presented to the agency so that the agency can develop the record, make appropriate findings, and apply its expertise to the *1334 jurisdictional issue. For an appellate court to make such determinations without the benefit of the agency’s expert opinion would usurp the agency’s proper role. If we were to adopt the Union Electric dictum, parties before FERC could hold their cards close to their vest and spring a challenge to the Commission’s regulatory authority at the Court of Appeals level, in hopes of a different (and perhaps less well-informed) outcome. That is what § 19(b) is designed to prevent.