NOT RECOMMENDED FOR PUBLICATION
File Name:  12a0517n.06

No.  10-4191

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MIAMI VALLEY FAIR HOUSING CENTER,
INC., et al.

      Plaintiffs,

BAYSHORE TOWN CENTER, LLC, et al.,

      Third-Party Plaintiffs-Appellants,

v.

STEINER AND ASSOCIATES, INC., et al.

      Defendants,

ALPINE INSULATION CO., INC., et al.,

      Third-Party Defendants-Appellees
_____/

**FILED**

*May 18, 2012*

LEONARD GREEN, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

BEFORE:    NORRIS, CLAY,  and GRIFFIN, Circuit Judges.

      **CLAY, Circuit Judge.**  Third-Party Plaintiffs Bayshore Town Center, LLC; Greene Town

Center, LLC; Zona Rosa Development, LLC; Steiner and Associates, Inc.; and Messer Construction,

Co. ("Third-Party Plaintiffs") appeal a judgment of the district court dismissing their third-party

claims for breach of contract, negligence, indemnity, and contribution.  The district court concluded

that the statute at issue in this suit, the Fair Housing Act ("FHA"), *see* 42 U.S.C. §§ 3601–19, did

not authorize Third-Party Plaintiffs to assert their third-party claims.  Because the district court failed

to reach the issue of personal jurisdiction, which was raised below, we **VACATE** the district court's judgment and **REMAND** for further proceedings in accordance with this opinion.

Plaintiffs filed a complaint against Third-Party Plaintiffs alleging violations of the FHA and the Fair Housing Amendments Act (FHAA), *see* 42 U.S.C. § 3604(f), in the construction of multi-family apartment buildings in Beavercreek, Ohio; Kansas City, Missouri; and Glendale, Wisconsin.[1]  Plaintiffs allege that the apartment buildings contained numerous design features making them inaccessible to wheelchair users, such as narrow hallways and difficult-to-reach environmental controls.  Plaintiff Steiner and Associates is a developer allegedly responsible for the design and construction of the disputed apartment buildings.  Messer Construction allegedly provided contracting and architectural services toward the construction of the apartment buildings. Plaintiffs joined the Green Town Center, Zona Rosa, and Bayshore Town Center—owners of the respective apartment buildings—as parties necessary to afford relief.

Third-Party Plaintiffs filed a third-party complaint against numerous entities ("Third-Party Defendants") that contributed to the construction of the apartment buildings.[2]  Third-Party Plaintiffs

---

[1]Plaintiffs are Miami Valley Fair Housing Center, Inc.; Metropolitan Milwaukee Fair Housing Council, Inc.; and National Fair Housing Alliance, Inc.

[2]The Third-Party Defendants involved in this appeal are Alpine Insulation Co., Inc.; Alpine Plumbing, Inc.; Barsto Construction, Inc; Blake-Stevens Wood Flooring, Inc.; Donovan & Jorgensen, Inc.; Gould Evans Associates, LLC; Hunzinger Construction Company; La Force, Inc.; Lakeside Stoneworks, LLC; Lutjen, Inc.; Mandel Development, Inc.; Mandel Group, Inc.; Mega Industries Corporation; Meleca Architecture, Inc.; Miller's Carpet Company, Inc.; R.D. Jones & Associates, Inc.; Robben Construction, LLC; Roman Electric Co., Inc.; TransSystems Corporation; Walton Construction Company LLC; Baker Concrete Construction, Inc.; John R. Jurgensen Co.; Woolpert Inc.; Builders First Source, Inc.; Dyke Industries, Inc.; Sullivan Builders, Inc.; and Carey Electric Co.

sought indemnity and contribution for any damages awarded to Plaintiffs and alleged breach of contract and negligence claims against all Third-Party Defendants. Third-Party Defendants filed motions to dismiss or for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(c), respectively. The magistrate judge recommended dismissal of Third-Party Plaintiffs' claims on the grounds that the FHA did not imply a right to indemnity or contribution and Third-Party Plaintiffs' breach of contract and negligence claims substantively repeated their indemnity and contribution claims. The district court adopted the magistrate judge's recommendation and dismissed the motions. The district court did not state its view on whether the FHA preempted Third-Party Plaintiffs' contribution and indemnity claims; rather, it stated its agreement that the FHA "does not contain or authorize" contribution and indemnity claims and that the breach of contract and negligence claims were repetitive.[3] (Order Adopting Report and Recommendations 2, R. 371.)

Several Third-Party Defendants also moved to dismiss the third-party complaint on the ground that the district court lacked personal jurisdiction over them, on the grounds that neither federal law nor the Ohio long-arm statute permitted service of process over those Third-Party

---

[3]While we remand this case on another ground, it bears noting that the district court's opinion adopting the magistrate judge's recommendation fails to state whether the court determined that the FHA preempts state-law claims for indemnity and contribution. The district court concluded that the FHA did not make these claims available, but the FHA's preemptive effect on state common-law remedies is a separate question from the availability of these remedies as an implied right of action under the FHA or under federal common law. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1256 (6th Cir. 1996) ("[T]he preemption defense to the state claims and the 'federal common law' claims are conceptually distinct, and resolution of one issue does not affect resolution of the other."). The district court may find it beneficial to clarify its ruling should it eventually reach this issue.

Defendants. *See Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000); Ohio Rev. Code § 2307.382. The district court never ruled on those motions, but it should have. A federal court may not assume jurisdiction to decide the merits of a dispute; it must satisfy itself in the first instance that it has jurisdiction over the parties and the subject matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Given the paramount importance of the court's jurisdiction over Third-Party Defendants, and the fact that the Third-Party Defendants properly asserted their objection to personal jurisdiction, the district court should have decided that question before determining whether Third-Party Plaintiffs failed to state a claim. *See Bird v. Parsons*, 289 F.3d 865, 872–73 (6th Cir. 2002). And while it is conceivable that we could decide the question of personal jurisdiction without such a decision by the district court, we typically consider an issue not decided in the court below only in "exceptional cases," and this case is not one of those. *St. Mary's Foundry, Inc. v. Employers Ins. of Wausau*, 332 F.3d 989, 996 (6th Cir. 2003). It is more appropriate for the district court to pass upon the fact-intensive issue of personal jurisdiction before we do so. *See* 28 U.S.C. § 2106. The issue is ripe for adjudication by the district court, because Third-Party Defendants have maintained their objections to personal jurisdiction in front of this Court.

For the reasons stated above, we **VACATE** the district court's judgment and **REMAND** for further proceedings in accordance with this opinion.