BEAM, Circuit Judge,
concurring and dissenting.
I concur in the Court’s affirmance of the district court’s dismissal of Carlsen’s *913 claims in this matter. However, I disagree with the Court’s reasoning in reaching this result.
Defendant Game Stop asserts among other things, two specific defenses — a lack of subject matter jurisdiction under subsection 12(b)(1) of the Federal Rules of Civil Procedure, and failure to state a claim upon which relief can be granted pursuant to subsection 12(b)(6) of the Rule.
Upon review of the record, the district court correctly concludes that “[pjlaintiff has failed to allege an injury in .fact and as a result has not established standing under Article III of the Constitution. Plaintiffs complaint is therefore dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.” The district court further acknowledges in a related footnote 5 that in light of its analysis regarding Article III standing, it did not examine the 12(b)(6) issue.
Then, somewhat inexplicably, the district court ruled that amendment (of the pleadings) would be futile and dismissed “the claims with prejudice.” This, of course, was error because without subject matter jurisdiction, the district court had no judicial power to do more than simply dismiss the case.
“[Wjhen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.” Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). “If the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.” Haywood v. Drown, 556 U.S. 729, 769, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009) (quoting 10A Charles Wright, Arthur Miller, & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed. 1998)) (Thomas, J., dissenting).
“ ‘[Jjurisdiction is power to declare the law,’ and ‘[wjithout jurisdiction the court cannot proceed at all in any cause.’ ” Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (second alteration in original) (quoting Steel Co. v. Citizens for a Better Env’t, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).
[T]he rule, springing from the nature and limits of the judicial power of thé United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and, in the exercise of its' appellate power, that of all other courts of the United States, in all cases where such jurisdiction does not affirmatively appear in the record on which, in the exercise of that power, it is called to act.
Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884).
The Court determines that the district court erred in holding that Carlsen fails to adequately plead an “injury in fact” sufficient to produce the case or controversy necessary to establish subject matter jurisdiction over his claims in the federal court. It is, however, the Court that errs. Carlsen has, indeed, failed to assert the necessary justiciable controversy required. Spokeo, Inc. v. Robins, — U.S. -, 136 S.Ct. 1540, 1547-48, 194 L.Ed.2d 635 (2016).
I agree with the Court that our analyses bottom upon, a “facial attack” on the matter of subject matter jurisdiction. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). I disagree, however, with the Court’s statement “ ‘[i]t is crucial ... not to conflate Article Ill’s requirement of injury in fact [12(b)(1)] with a plaintiffs potential causes of action [12(b)(6)], for the concepts are not coextensive.’ ” Ante at 909, (quoting ABF Freight Sys., Inc. v. Int’l Bhd. of Teamsters, 645 F.3d 954, 960 (8th Cir. 2011)). In this circuit, a deficiency in pleadings under either defense receives *914 the same standard of review. Stalley ex rel. U.S. v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007). That simply means in this case that we apply the pleading standards set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), to the “injury in fact” question.
Twombly states that “naked assertion[s]” devoid of factual enhancement will not establish justiciable damages supportive of a litigatable case. 550 U.S. at 557, 127 S.Ct. 1955. Iqbal, in turn, states “a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). Also, “[tjhreadbare recitals of the elements of a cause of action, supported by mere eonclu-sory statements, do not suffice.” Id. The Seventh Circuit, in Silha v. ACT, Inc., 807 F.3d 169, 174 (7th Cir. 2015) (quoting I^ bal, 556 U.S. at 679, 129 S.Ct. 1937), defines well pleaded factual allegations as those that discard pleadings that are “no more than conclusions” and that “plausibly give rise to an entitlement of relief.”
With these standards in mind, we turn to the Court’s recitations concerning the pleadings in Carlsen’s claim. The parties concede that they entered into a contractual relationship. But, to establish the required “injury in fact” the plaintiff must factually allege invasion of a legally pro-tectable interest that is concrete, particularized, actual, imminent, and neither conjectural nor hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Carlsen’s allegations are the antithesis of virtually every one of the above requirements, as the district court correctly determined. And the burden of proof on the matter of subject matter jurisdiction lies wholly with the plaintiff. At best, Carlsen’s pleadings consist of a panoply of imprecise contractual emanations purporting to illustrate possible economic harm. This is not enough.
Accordingly, I cannot join the Court’s reversal of the district court ruling on the matter of subject matter jurisdiction, but otherwise concur in the result reached by the Court.