**[J-2-2020] [MO: Baer, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

PATRICIA L. HAMMONS

v.

ETHICON, INC. AND JOHNSON &
JOHNSON; GYNECARE; SECANT
MEDICAL; SECANT MEDICAL INC.;
PRODESCO, INC.; AND SECANT
MEDICAL, LLC


APPEAL OF:  ETHICON, INC. AND
JOHNSON & JOHNSON

: No. 7 EAP 2019
:
:
: Appeal from the Order of Superior
: Court entered on June 19, 2018 at
: No. 1526 EDA 2016 (reargument
: denied August 29, 2018) affirming
: the Judgment of the Court of
: Common Pleas, Philadelphia
: County, Civil Division entered on
: April 14, 2016 at No. 3913 May
: Term, 2013
:
: ARGUED:  March 10, 2020
:
:
:

**CONCURRING OPINION**


**JUSTICE DONOHUE**                                     **DECIDED:  October 21, 2020**

I join the learned Majority's Opinion in its entirety.  I write separately to address footnote 10, in which the majority correctly concludes that its disposition negates any necessity to address the propriety of considering evidence adduced for the first time at trial in support of the trial court's ruling on preliminary objections that specific jurisdiction was established.  While I agree that it is not necessary to address the issue, I believe that it is prudent to do so since the Superior Court in a precedential en banc decision relied, in part, on such evidence.  In my view, this was error, and the bench and bar should be so advised.

Challenges to jurisdiction, other than subject matter jurisdiction, must be raised in preliminary objections or such challenges are waived.  Pa.R.C.P. 1032 (regarding waiver

of defenses and objections not presented either by preliminary objection, answer or reply); *Wagner v. Wagner*, 768 A.2d 1112, 1119 (Pa. 2001) (stating that failure to file a timely objection to personal jurisdiction constitutes waiver of the objection). It has long been established that the disposition of jurisdictional challenges are preliminary to further litigation to avoid unnecessary expenditure of judicial resources in an inappropriate forum. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998); *Burger v. Sch. Bd. of McGuffey Sch. Dist.*, 923 A.2d 1155, 1161 (Pa. 2007); *see also Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (stating that requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception"). Once the jurisdictional determination is made, it is immediately appealable. Pa.R.A.P. 311(b) ("[A]ppeal may be taken as of right from an order in a civil action or proceeding sustaining the venue of the matter or jurisdiction over the person or over real or personal property[.]"). Inherent in this protocol is the understanding that the facts supporting the ruling on the preliminary objections are fixed and if jurisdiction has been established, the forum court will proceed to final adjudication of the case. While a decision to forego an interlocutory appeal does not generally foreclose an appeal of the jurisdictional determination after a final order has been entered, *see* Pa.R.A.P. 311(g)(1)(ii) (delineating limited circumstances where failure to file appeal results in waiver), the factual predicate for the ruling on jurisdiction is based on the record established on the preliminary objection. To suggest otherwise undermines the requirement that jurisdictional determinations are made in advance of the litigation of the substantive claims.

Either the forum court has jurisdiction when the preliminary objections are decided, or it does not. Contrary to the Superior Court's opinion and the argument of the appellees, jurisdiction is not a transitory concept. Consideration of evidence adduced for the first time at trial to support the trial court's jurisdictional determination on preliminary objections was in contravention of the design of Pennsylvania's procedural rules and was error.

Justice Wecht joins this concurring opinion.