**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-2064**

---

ANTHONY G. ATKINSON,

Plaintiff - Appellant,

versus

M. EDWARD SELLERS; BLUE CROSS & BLUE SHIELD
OF SOUTH CAROLINA; WILLIAM R. HORTON,

Defendants - Appellees.

---

**No. 05-2184**

---

ANTHONY G. ATKINSON,

Plaintiff - Appellant,

versus

M. EDWARD SELLERS; BLUE CROSS & BLUE SHIELD
OF SOUTH CAROLINA; WILLIAM R. HORTON,

Defendants - Appellees.

---

Appeals from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (CA-04-604-3)

---

Argued:  March 14, 2007                    Decided:  May 23, 2007

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded with instructions to dismiss by unpublished opinion. Judge Gregory wrote the opinion, in which Judge Wilkinson and Judge Duncan joined.

**ARGUED:** Suzanne M. Caylor, Third-Year Student, WAKE FOREST UNIVERSITY, School of Law, Winston-Salem, North Carolina, for Appellant. Shahin Vafai, GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina, for Appellee. **ON BRIEF:** John J. Korzen, Jose D. Vega, Third-Year Student, WAKE FOREST UNIVERSITY, School of Law, Appellate Advocacy Clinic, Winston-Salem, North Carolina, for Appellant. Vance J. Bettis, GIGNILLIAT, SAVITZ & BETTIS, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

This appeal concerns an allegation that an employer breached a settlement agreement entered into with a then-employee to settle Title VII claims. Because the employee's complaint alleges only a breach of the settlement agreement and not a violation of Title VII or any other federal statute, federal subject-matter jurisdiction does not exist. Accordingly, the case must be dismissed.

I.

Anthony Atkinson was employed by Blue Cross & Blue Shield of South Carolina ("Blue Cross") from June 1997 to February 2000. During his tenure, Atkinson applied for several internal positions to advance his career. At the interviews for these positions, Blue Cross personnel asked inappropriate questions regarding Atkinson's race and national origin. Atkinson complained to Blue Cross management, who initiated an internal investigation. Blue Cross's internal investigation revealed that Atkinson had been the subject of inappropriate remarks and interview questions and that his managers wrongfully disclosed that he filed a grievance.

Through mediation, Atkinson and Blue Cross reached a settlement agreement, which was reflected in a "Resignation, Settlement Agreement and Release in Full" document ("Settlement Agreement"). The Settlement Agreement provided that Blue Cross would pay Atkinson a lump sum of $115,000, his accrued leave time,

and provide employment outplacement services following the execution of the agreement. The outplacement services would cease after three months regardless of whether Atkinson obtained other employment. Atkinson agreed to resign his employment at Blue Cross and to release Blue Cross from any liability in connection with his employment or separation, including liability under Title VII. In addition, Atkinson agreed to waive all future rights to employment at Blue Cross and not to seek employment from Blue Cross or its subsidiaries or affiliates. Blue Cross paid the agreed-upon sum, and on February 15, 2000, Atkinson resigned his employment.

Pursuant to the Settlement Agreement, Blue Cross set up an appointment for Atkinson's outplacement services with a representative of Crutchfield Associates ("Crutchfield"). Atkinson alleges that on a visit to Crutchfield's offices, he saw two individuals who had discriminated against him at Blue Cross, became fearful of a possible encounter, and drove away. Neither Blue Cross nor Crutchfield contacted Atkinson to ascertain why he stopped using Crutchfield's services.

On July 18, 2000, Atkinson wrote to Blue Cross authorizing the release of his employment record to the Governor's Office of South Carolina ("Governor's Office"). Blue Cross provided detailed information, via telephone, to the Governor's Office. As confirmed by the reference report of the Governor's Office and by Atkinson, Blue Cross gave Atkinson an extremely favorable review. Atkinson

-4-

was hired by the Governor's Office, where he worked until March 2001. Following his employment with the Governor's Office, Atkinson worked as an insurance agent for ING/Life of Georgia and AIG American General.

In August 2003, Atkinson applied for a position with State Farm Insurance Companies ("State Farm"). After receiving a satisfactory score on a career profile, State Farm invited Atkinson to attend a career seminar on October 1. On November 12, State Farm informed Atkinson via letter that he was no longer being considered for a position because of information contained in an investigative report conducted by ChoicePoint. Atkinson alleges that the negative ChoicePoint report was a result of the employment verification information that Blue Cross provided to ChoicePoint.

After receiving the letter from State Farm, Atkinson called Blue Cross to verify his employment record. He alleges that he received inaccurate information about the specific dates of his employment and that a "rehire eligibility" box was checked on an earlier Blue Cross employment verification provided to ING/Life of Georgia, but was not checked on the verification provided to State Farm. In addition, Atkinson spoke with Amy Stroupe, a white female employee of Blue Cross, who told Atkinson that her employment information was treated in a more secure manner than Atkinson's employment information. Atkinson believed that Blue Cross's conduct

was a breach of the Settlement Agreement and exchanged correspondence with Blue Cross regarding the matter.

During the time of his correspondence with Blue Cross, Atkinson contacted the Office of Federal Contracts Compliance Programs ("OFCCP"), the agency responsible for enforcing Executive Order 11246, which applied to Blue Cross as a federal contractor.[1] OFCCP informed Atkinson that his allegations were "moving to the realm of a private matter . . . governed by the [Settlement Agreement]." S.J.A. 3. Atkinson alleges that based on this advice he did not file a complaint with either the OFCCP or the EEOC and instead filed suit pro se in federal court.

Atkinson filed his complaint on February 27, 2004, alleging that Blue Cross violated the Settlement Agreement.[2] Blue Cross

---

[1]"Executive Order 11246 prohibits discrimination on the basis of race, color, religion, sex, or national origin by federal contractors." Volvo GM Heavy Truck Corp. v. U.S. Dep't of Labor, 118 F.3d 205, 206 (4th Cir. 1997) (citing Exec. Order No. 11,246, § 202, 3 C.F.R. 167, 168 (1965 Supp.), amended by Exec. Order No. 11,375, 3 C.F.R. 320, 321 (1967 Comp.)). The OFCCP is charged with administering Executive Order 11246. See 41 C.F.R. § 60-1.2 (2006).

[2]Atkinson's verified complaint alleged, in full:

On December 20, 1999 Plaintiff a then employee of the Defendants, a Federal Government contractor, executed a "RESIGNATION, SEPARATION AGREEMENT AND RELEASE IN FULL" as final settlement to charges of egregious civil rights violation against Defendants under EXECUTIVE ORDER 11246 of September 24, 1965 and TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 as amended.
The agreement which was fully executed by William R. Horton on behalf of Defendants and Plaintiff and his attorney Clifton Newman set forth equitable obligations, rights, duties, and relief for Plaintiff and Defendants

-6-

answered on March 25 but did not raise Atkinson's failure to exhaust his administrative remedies as an affirmative defense. On June 24, Atkinson submitted to Blue Cross interrogatory responses indicating that his claim was based upon Title VII as well as breach of contract grounds. Based on Atkinson's responses, Blue Cross moved for leave to amend its answer. Atkinson consented to Blue Cross's motion and on August 11, Blue Cross filed its amended answer, including an affirmative defense that Atkinson failed to exhaust his administrative remedies.

On September 3, Blue Cross moved for summary judgment on Atkinson's claims of discrimination under Title VII and breach of contract. Based on the Report & Recommendation from the magistrate judge, the district court granted Blue Cross summary judgment on the Title VII claims due to Atkinson's failure to exhaust his administrative remedies. The district court dismissed Atkinson's state contract claims without prejudice. This appeal followed.

---

as mutually agreed upon between Plaintiff and Defendants as parties to a contract.

Plaintiff is contending that Defendants by acts and omissions have violated the agreement of December 20, 1999 resulting in severe harm and loss to Plaintiff.

Request made by hand delivered letters by Plaintiff upon Defendants to settle claim for damages arising from the violation of the agreement of December 20, 1999 as set forth in the said agreement have been met with calculated intransigence.

II.

We review a district court grant of summary judgment de novo, resolving all doubts and inferences in favor of the nonmoving party. Bacon v. City of Richmond, Va., 475 F.3d 633, 637 (4th Cir. 2007). A moving party is entitled to summary judgment if the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed R. Civ. P. 56(c); Nat'l City Bank of Ind. v. Turnbaugh, 463 F.3d 325, 329 (4th Cir. 2006).

It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific situations authorized by Congress." Bowman v. White, 388 F.3d 756, 760 (4th Cir. 1968). Consequently, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The absence of subject-matter jurisdiction may be raised at any time during the case, including on appeal, and may be based on the court's review of the evidence. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Kontrick v. Ryan, 540 U.S. 443, 355 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884) (noting that on every appeal, "first and

-8-

fundamental question," even if not suggested by the parties, is that of subject-matter jurisdiction).

## III.

The district court treated Atkinson's complaint as raising a Title VII claim in addition to state-law contract claims. Because Atkinson did not file a charge with the EEOC, the district court granted summary judgment to Blue Cross on the Title VII claim.[3] On its face, however, Atkinson's complaint alleged only a breach of contract arising from Blue Cross's violation of the Settlement Agreement. It did not allege that Blue Cross violated Title VII or engaged in any discriminatory conduct. Nor did the complaint allege that Blue Cross took actions that would violate any other federal statute. Although part of the consideration underlying the Settlement Agreement may have been Atkinson's waiver of Title VII claims against Blue Cross, "[n]o federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381 (1994); see Morris v. City of Hobart, 39 F.3d 1105, 1111 (10th Cir. 1994).

---

[3]On appeal, Atkinson argues that his failure to file an EEOC charge should be excused by either the doctrine of equitable tolling or equitable estoppel. Because we find that we lack jurisdiction over Atkinson's claim, we do not address Atkinson's failure to file with the EEOC.

We have also recognized a "small class of 'cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.'" Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)). "A plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc). In this case, Atkinson could obtain relief on his breach of contract claim without reference to federal law at all, if the claim were litigated solely on the theory that Blue Cross breached the Settlement Agreement and that breach violated South Carolina law. Therefore, Atkinson's complaint does not depend on the resolution of a substantial question of federal law.

As the Tenth Circuit stated in Morris: "The jurisdictional grant embodied in Title VII states only that federal courts have jurisdiction over actions 'brought under' Title VII. This case was brought under state contract law, not Title VII." 39 F.3d at 1112 (citation and footnote omitted). Because Atkinson neither alleges a violation of a federal statute nor raises a substantial question

-10-

of federal law, his complaint does not satisfy the requirements of subject-matter jurisdiction and must be dismissed.

IV.

Atkinson's complaint for breach of contract based on the Settlement Agreement does not arise under Title VII, or any other federal statute, or depend on a resolution of a substantial question of federal law. Thus, the district court lacked subject-matter jurisdiction to consider Atkinson's claims. Accordingly, we remand this case to the district court with instructions to vacate the judgment and dismiss the case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3).

<u>VACATED AND REMANDED</u>
<u>WITH INSTRUCTIONS</u>
<u>TO DISMISS</u>