

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2007

# Hairston v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5219

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hairston v. Nash" (2007). *2007 Decisions.* Paper 546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-324                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5219
_____

ARTHUR L. HAIRSTON, SR.,

Appellant

v.

WARDEN JOHN NASH, Official Capacity, FCI Fort Dix;
FEDERAL BUREAU OF PRISONS
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 06-cv-04893)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted For Possible Dismissal under 28 U.S.C. § 1915(e)(2)(B) or Possible Summary
Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 26, 2007

Before: RENDELL, SMITH AND JORDAN, CIRCUIT JUDGES

(Filed: August 23, 2007)

_____

OPINION
_____

PER CURIAM

        Arthur L. Hairston, Sr., a federal prisoner proceeding pro se, appeals from the

District Court's dismissal of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Because the District Court's dismissal was proper and this appeal does not present a substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; 3d Cir. IOP 10.6.

## I.

The District Court liberally construed Hairston's complaint to assert a claim under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), that defendants violated his variously-sourced constitutional right of access to the courts. According to Hairston, his prison law library has removed the reporters containing pre-1950 United States Supreme Court opinions. Hairston further claims that he has been "prejudiced greatly" because he was forced to file petitions for writs of habeas corpus without the benefit of those opinions, but does not allege how.

The District Court granted Hairston leave to proceed in forma pauperis, then dismissed his complaint without prejudice and with leave to amend. Hairston sought to do so, and attached one of the habeas petitions he had filed, but again failed to allege how he had been prejudiced. Thus, by order entered December 14, 2006, the District Court denied his motion to amend and dismissed his complaint with prejudice. We will affirm.[1]

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

2

II.

In reviewing Hairston's complaint, we accept his allegations as true, liberally construe them in light of his pro se status, and determine whether they provide notice of a legally-cognizable claim. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). See also Tourscher, 184 F.3d at 240 (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). We agree with the District Court that they do not.

A claim for denial of access to the courts cannot be based solely on alleged deficiencies with a prison library. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Instead, a plaintiff must have suffered an "actual injury," which requires a showing that "the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id. Moreover, the allegedly-hindered claim must be one of arguable merit; it cannot be frivolous. See id. at 353 & n.3; Christopher v. Harbury, 536 U.S. 403, 415 (2002). These elements must be alleged in the complaint. See Christopher, 536 U.S. at 415-16.

Hairston's complaints, however, even liberally construed, assert nothing more than the kind of generalized grievance with the prison law library that Lewis held inactionable. Hairston did not allege any actual injury. He asserted in his original complaint that he was "prejudiced greatly" because he had to file certain habeas petitions without access to the books in question, but did not say how. He did not allege, for example, how that lack of access prevented him from making or adequately supporting any particular argument or

3

claim. He attached to his amended complaint a habeas petition, but once again did not allege how the lack of access to the books in question "hindered his efforts" to pursue the claims therein. Lewis, 518 U.S. at 351. Moreover, our review of that petition – which includes arguments that "all drug laws" are unconstitutional and that the District Court that sentenced him is an unconstitutional Article IV court – does not persuade us that he has alleged any hindrance in pursuing a nonfrivolous claim.[2]

In reaching this decision, we have considered a document that Hairston filed in this Court, which he titled "motion preceding informal briefing." Hairston argues that the District Court, in recently dismissing another of his complaints, cited Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379 (1884), which is reported in one of the volumes that Hairston alleges his prison library no longer contains. The District Court also cited that decision in its opinion dismissing without prejudice Hairston's complaint in this case. That fact is of no consequence here. The District Court cited Mansfield merely for the proposition that "[f]ederal courts are courts of limited jurisdiction," a principle for which resort to pre-1950 case law is hardly necessary. See, e.g., Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Moreover, the court's citation of Mansfield and

---

[2]We note that Hairston filed the habeas petition in the Northern District of West Virginia. That court dismissed it as an unauthorized second or successive habeas petition, see Hairston v. United States, N.D. W. Va. Civ. No. 06-cv-00123 (Dec. 21, 2006 order), and the Fourth Circuit declined to issue a certificate of appealability, see United States v. Hairston, 4th Cir. C. A. No. 07-6129 (May 14, 2007 op.). These decisions turned on the Antiterrorism and Effective Death Penalty Act of 1996, not pre-1950 authority.

recitation of this principle was not necessary to its decision. Thus, Hairston's alleged lack of access to <u>Mansfield</u> did not injure him.

Accordingly, we will summarily affirm the District Court's dismissal of Hairston's complaint.