# United States Court of Appeals for the Federal Circuit

---

**MEMORYLINK CORP.,**
*Plaintiff-Appellant,*

v.

**MOTOROLA, INC., JONATHAN P. MEYER,
HUGH C. DUNLOP, THOMAS G. BERRY,
J. RAY WOOD, AND TERRI S. HUGHES,**
*Defendants-Appellees.*

---

2010-1533

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 09-CV-7401, Judge William J. Hibbler.

---

ON PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

PAUL E. SCHAAFSMA, Novus IP, LLC, of Chicago, Illinois, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant.

ANNE M. SIDRYS, P.C., Kirkland & Ellis, LLP, of Chicago, Illinois, filed a response to the petition for defendants-appellees. With her on the response were NYIKA O. STRICKLAND and JOEL R. MERKIN.

---

Before RADER, *Chief Judge*, NEWMAN, LOURIE, BRYSON, LINN, DYK, PROST, MOORE, O'MALLEY, REYNA, and WALLACH, *Circuit Judges*.

PER CURIAM.

O'MALLEY, *Circuit Judge*, dissents from the denial of the petition for rehearing en banc.

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by Plaintiff-Appellant, and a response thereto was invited by the court and filed by Defendants-Appellees. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Plaintiff-Appellant for panel rehearing is denied.

(2) The petition of Plaintiff-Appellant for rehearing en banc is denied.

(3) The mandate of the court will issue on April 18, 2012.

FOR THE COURT

April 11, 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

# United States Court of Appeals for the Federal Circuit

---

**MEMORYLINK CORP.,**
*Plaintiff-Appellant,*

v.

**MOTOROLA, INC., JONATHAN P MEYER, HUGH C. DUNLOP, THOMAS G. BERRY, J. RAY WOOD, AND TERRI S. HUGHES,**
*Defendants-Appellees.*

---

2010-1533

---

Appeal from the United States District Court for the Northern District of Illinois in case no. 09-CV-7401, Judge William J. Hibbler.

O'MALLEY, *Circuit Judge*, dissenting from the denial of the petition for rehearing en banc.

---

For the reasons detailed in my dissent from the denial of rehearing *en banc* in *Byrne v. Wood, Herron & Evans, LLP*, --- F.3d ---, 2012 U.S. App. LEXIS 6021 (Fed. Cir. Mar. 22, 2012), I respectfully dissent from the court's refusal to consider this matter *en banc*. This court's routine extension of jurisdiction to purely state-law malpractice claims is improper and conflicts with governing Supreme Court precedent. The fact that this appeal was resolved by way of a judgment pursuant to Fed. Cir. R. 36

("Rule 36") does not render the grounds upon which our jurisdiction was premised any less incorrect and should not discourage us from revisiting that judgment.

Here, Memorylink alleged a single count of legal malpractice, under Illinois law, based on the defendants' alleged negligent failure to identify the proper inventors in a patent application. The district court dismissed the complaint as time-barred under the relevant Illinois statutes of limitations and repose, and Memorylink appealed to this court. Appellees moved to transfer the appeal to the Seventh Circuit on grounds that the cause of action arose under state, not federal patent law. We denied that motion on the mistaken belief that Memorylink's complaint "sought to correct the inventorship" of the patent at issue. *Memorylink Corp. v. Motorola, Inc.* 419 Fed.App'x. 991, 992 (Fed. Cir. 2011). That ruling was expressly "without prejudice" to Appellees' right to raise the issue again to the merits panel. *Id.* Appellees, thereafter, continued to press their jurisdictional objection in their merits brief.

In their brief, Appellees pointed out that, in fact, no inventorship challenge was brought in this action, explained that a *separate* federal action seeking to correct inventorship and asserting infringement was filed in federal court and remains pending, and asserted that it is the second action that arises under the patent laws, not this one. Brief of Defendants-Appellees at 3-5, Memorylink Corp. v. Motorola, Inc., No. 2010-1533 (Fed. Cir. June 24, 2011). Appellees disagreed that this court could properly exercise jurisdiction over this matter which raises issues cognizable only under state law and which

was, in their view, properly in federal court only because the parties were of diverse citizenship.[1]

The panel disposed of this appeal via Rule 36, our rule permitting summary affirmance of appeals in the following circumstances:

The court may enter a judgment of affirmance without opinion, citing this rule, when it determines that any of the following conditions exist and an opinion would have no precedential value:

> (a) the judgment, decision, or order of the trial court appealed from is based on findings that are not clearly erroneous;

> (b) the evidence supporting the jury's verdict is sufficient;

> (c) the record supports summary judgment, directed verdict, or judgment on the pleadings;

> (d) the decision of an administrative agency warrants affirmance under the standard of review in the statute authorizing the petition for review; or

> (e) a judgment or decision has been entered without an error of law.

---

[1] The fact that defendants—unsurprisingly, given their successful appeal in this court—now consent to our jurisdiction is irrelevant. *See, e.g., Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983) ("Jurisdiction of a tribunal, however, cannot be conferred by waiver or acquiescence. A court always is obligated to consider not only its own jurisdiction but that of the tribunal from which an appeal is taken.") (citing *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Fed. Cir. R. 36. By resorting to Rule 36, the panel necessarily resolved Appellee's jurisdictional challenge—rejecting it without discussion.

Though the panel's use of Rule 36 to resolve this matter, including the question of our subject matter jurisdiction over it, is understandable given the extent and breadth of our case law on the topic,[2] it should not insulate the decision from *en banc* review. A Rule 36 judgment remains a judgment of this court and parties should not be discouraged from asking the entire court to assess the propriety of those judgments where our subject matter jurisdiction is in question.

As discussed at length in my dissent from the *en banc* denial in *Byrne*, the jurisdictional predicate upon which the exercise of appellate review in this court rests is wrong. The Supreme Court in *Christianson* outlined a two-prong test, in which district court jurisdiction under § 1338(a) extends "only to those cases in which a well-pleaded complaint establishes either (1) that federal patent law creates the cause of action or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-09, (1988) (citations omitted). It is the second prong of the Christianson test that is at

---

[2] *See, e.g., Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262 (Fed. Cir. 2007); *Immunocept, LLC v. Fulbright & Jaworski, LLP*, 504 F.3d 1281 (Fed. Cir. 2007); *Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355 (Fed. Cir. 2010); *Byrne v. Wood, Herron & Evans, LLP*, 450 F. App'x 956 (Fed. Cir. 2011).

issue here, and in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005), the Court articulated the test for that prong as follows: "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."

Here, to the extent this negligence case implicates patent law at all, it does not do so in any substantial or meaningful way. No patent rights will be altered, no change in inventorship can occur in the context of it, and no binding discussion of principles of inventorship could emerge. And, resolution of the patent issue involved is only one factor in the state law negligence analysis which would be employed in deciding this case; the federal issue is simply not dispositive of the case.

Balanced against this insubstantial brush with patent law is the fact that, by asserting jurisdiction over these types of cases, we are disturbing the appropriate balance between state and federal courts. Where as here, the patent law issue is resolved in a purely hypothetical context, with no binding effect on patent rights or governing patent law, the federal interest in patent law uniformity is slim. That interest is simply insufficient to supplant the state law interest in policing the conduct of attorneys practicing within its borders or in the uniform application of state law negligence principles.

As we have explained on many occasions, "[a]ppeals whose judgments are entered under Rule 36 receive the full consideration of the court, and are no less carefully decided than the cases in which we issue full opinions. The Rule permits the court to dispense with issuing an opinion that would have no precedential value, when the

circumstances of the Rule exist." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1556 (Fed. Cir. 1997) (citing *Taylor v. McKeithen*, 407 U.S. 191, 194 n. 4 (1972). Full review of a matter necessarily includes review at all stages of the appellate process, including thoughtful *en banc* review where appropriate.

While Rule 36 may provide an efficient tool through which to dispose of appeals that merely retread familiar ground, it does not relieve us of our obligation to determine whether that ground needs re-tilling. It is inappropriate to allow our reluctance to consider Rule 36 cases *en banc* to shield important jurisdictional decisions from review, particularly where, as here, non-frivolous challenges to our subject matter jurisdiction have been lodged.