**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1196**

———————

TIMOTHY CAPPS,

          Plaintiff - Appellant,

     v.

NEWMARK SOUTHERN REGION, LLC; NEWMARK & COMPANY REAL ESTATE, INC.,

          Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cv-00133-FL; 7:18-cv-00047-FL)

———————

Argued: September 16, 2022                    Decided: November 16, 2022

———————

Before RICHARDSON, Circuit Judge, FLOYD, Senior Circuit Judge, and Bruce H. HENDRICKS, United States District Judge for the District of South Carolina, sitting by designation.

———————

Vacated and remanded by published per curiam opinion.

———————

**ARGUED**: Troy D. Shelton, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. David A. Paul, CANTOR FITZGERALD, New York, New York, for Appellees. **ON BRIEF**: Matthew Nis Leerberg, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Jonathan D. Sasser, Thomas H. Segars, ELLIS & WINTERS, LLP, Raleigh, North Carolina, for Appellees.

———————

PER CURIAM:

Timothy Capps is a commercial-real-estate broker specializing in tenant representation. In 2015, he entered into an independent-contractor agreement with Newmark Southern Region, LLC (Newmark)—an international real-estate brokerage and advisory firm. Issues arose, and Newmark terminated its relationship with Capps. Contending that his termination was improper, Capps sued Newmark, alleging eight state-law claims, including breach of contract. Newmark counterclaimed, alleging only breach of contract. The district court dismissed each of Capps's claims at the pleading stage, with the exception of his claim for breach of contract.[1] *See Capps v. Harris*, No. 5:18-CV-133-FL WESTERN DIVISION, No. 7:18-CV-47-FLSOUTHERN DIVISION, 2018 WL 6172517, at *15 (E.D.N.C. Nov. 26, 2018). Newmark's counterclaim also remained. The parties' competing claims for breach of contract proceeded to a bench trial, where the district court rendered judgment for Newmark. *See Capps v. Newmark S. Region, LLC*, No. 5:18-CV-133-FL, 2020 WL 12811228, at *27 (E.D.N.C. Dec. 22, 2020).

Notably, after Capps filed his complaint against Newmark but before the matter went to trial, the district court consolidated this and a separate lawsuit between Capps and his estranged business partner, Greg Katz—also employed by Newmark. Katz sued Capps, alleging various state-law claims and one claim under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Capps counterclaimed. Following consolidation, but before

---

[1] Capps also sued Newmark & Company Real Estate, Inc., alleging only breach of contract. This claim, too, was dismissed at the pleading stage, and no claim remained as to that entity.

2

trial commenced, Capps and Katz stipulated to the dismissal of their claims against one another.[2]

Following the district court's judgment against him, Capps appealed. In addition to seeking reversal of the judgment, Capps also sought reversal of the district court's dismissal of his various claims at the pleading stage. At argument, because Newmark's citizenship was unclear for purposes of confirming diversity jurisdiction, this Court ordered Newmark to file a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure conveying the LLC's membership and citizenship.

Newmark complied with our order. In its supplemental letter, Newmark provides that, as of the date Capps filed his complaint, "Newmark Southern was wholly owned by NGA, LLC, a Georgia LLC. NGA was wholly owned by Newmark Partners, L.P., a Delaware limited partnership. The partners of Newmark Partners, L.P. were Newmark Holdings, L.P., a Delaware limited partnership, and Newmark Group, Inc., a Delaware corporation." Newmark's Suppl. Authorities 1, ECF No. 67. According to Newmark's letter, the limited partners of Newmark Holdings, L.P. resided in thirty-nine states, plus the District of Columbia. North Carolina was one such state. Capps was also a citizen of North Carolina when he filed his complaint.

Overlapping citizenship between Capps and a limited partner of Newmark Holdings, L.P. is a purported revelation to the parties. Capps now moves for vacatur of

---

[2] Monty Harris and Kacie Hopkins Van Hine were also parties to the lawsuit between Katz and Capps, and also stipulated to dismissal.

3

judgment and remand for dismissal without prejudice, given the conceded lack of complete diversity—and consequent lack of subject-matter jurisdiction—that existed at the time of filing.[3]  Newmark opposes, contending that the intervening consolidation of the lawsuit between Katz and Capps cured the jurisdictional defect between Capps and Newmark. Rather, Newmark posits that the presence of Katz's federal claim under the Computer Fraud and Abuse Act provided a basis from which supplemental jurisdiction effectively arose as to the state-law claims between Newmark and Capps.

Having considered the parties' submissions, we conclude that this situation warrants vacatur and remand for dismissal without prejudice.  First, Capps and Newmark agree that complete diversity did not exist between them at the time of filing, given the North Carolina citizenship of at least one limited partner of Newmark Holdings, L.P.—a great-grandparent entity to Newmark.  *See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("[T]he citizenship of a limited liability company . . . is determined by the citizenship of all of its members . . . ."); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (explaining that a partnership's citizenship "is that of its members").  Because Newmark is an LLC, wholly owned by another LLC, wholly owned by a limited partnership, a partner of which is another limited partnership, we necessarily trace Newmark's citizenship through these layered entities.

---

[3] The Supreme Court has long held that "jurisdiction depending on the condition of [a] party is governed by that condition, as it was at the commencement of the suit." *Connolly v. Taylor*, 27 U.S. 556, 565 (1829).  This rule "has a pedigree of almost two centuries," and the Court is loath to recognize exceptions to it.  *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 580–82 (2004).

4

Consequently, the district court lacked subject-matter jurisdiction over Capps's claims against Newmark pre-consolidation, so it lacked the power to consolidate the lawsuits in the first place. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the [federal] judicial power' . . . and is 'inflexible and without exception.'" (first alteration in original) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884))); *see also id.* at 94 ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it [fails] to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))).

Even if we could disregard the district court's error in exercising jurisdiction over a matter where no such power truly existed, consolidation could not cure the defect. Rather, "consolidation does not merge . . . suits; it is a mere matter of convenience in administration, to keep them in step. They remain as independent as before." *Hall v. Hall*, 138 S. Ct. 1118, 1127 (2018) (quoting *Johnson v. Manhattan Ry. Co.*, 61 F.2d 934, 940 (2d Cir. 1932)). We have previously held that, "[i]n consolidated appeals, 'each constituent case must be analyzed individually . . . to ascertain jurisdiction.'" *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 289 (4th Cir. 2018) (quoting *Hall*, 138 S. Ct. at 1128). Such a "compartmentalized analysis . . . would be gratuitous if the cases had merged into a single case." *Hall*, 138 S. Ct. at 1128. The same is no less true of consolidation at the trial level.

Newmark contends that we should forgive the jurisdictional defect here in the interest of "finality, efficiency, and economy," given that this matter proceeded to judgment. Resp. to Mot. to Vacate 14, ECF No. 71 (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 63 (1996)). To be sure, vacatur and remand for dismissal now could burden the parties and squander judicial resources already expended. But the profound burdens on parties and the judiciary, if we were to recognize convoluted jurisdictional exceptions, would greatly outweigh the prejudice to Capps and Newmark. *See Grupo*, 541 U.S. at 580–81 ("[T]he policy goal of minimizing litigation over jurisdiction is thwarted whenever a new exception to the time-of-filing rule is announced . . . ."); *see also id.* (concluding that re-litigation is not nearly as burdensome as one might think).

Neither side of this dispute lacked the means to ascertain Newmark's citizenship at any point. Whether mutual contentment with the federal forum or genuine obliviousness brought the parties to this unfortunate juncture, this Court will not condone the exercise of jurisdiction where it did not truly exist. Accordingly, we vacate the district court's judgment and remand with instructions to dismiss this matter without prejudice.

*VACATED AND REMANDED*