**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-1971

CHALPIN REALTY SC LLC,

Plaintiff - Appellee,

v.

JERSAM REALTY INC,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:22-cv-02651-JD)

Submitted:  October 22, 2025                    Decided:  December 17, 2025

Before DIAZ, Chief Judge, FLOYD, Senior Circuit Judge, and Patricia Tolliver GILES, United States District Judge for the Eastern District of Virginia, sitting by designation.

Vacated and remanded by unpublished opinion.  Senior Judge Floyd wrote the opinion, in which Chief Judge Diaz and Judge Giles joined.

**ON BRIEF:**  Sarah P. Spruill, Greenville, South Carolina, Stafford J. McQuillin III, HAYNSWORTH SINKLER BOYD, P.A., Charleston, South Carolina, for Appellant. Jenna K. McGee, Connor J. Hoy, PARKER POE ADAMS & BERNSTEIN LLP, Charleston, South Carolina; Bryan W. Kishner, KISHNER MILLER HIMES P.C., New York, New York, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

FLOYD, Senior Circuit Judge:

Jersam Realty Inc. (Jersam) entered a contract to purchase a multi-tenant commercial property from Chalpin SC Realty LLC (Chalpin) in 2022. Two days before the scheduled closing date, Chalpin informed Jersam that a tenant had failed to pay rent and appeared to be abandoning the premises. Jersam indicated it would terminate the contract if Chalpin could not cure, and when Chalpin did not cure, Jersam did not appear at closing. Chalpin sued Jersam for breach of contract in federal court in the District of South Carolina; Jersam counterclaimed. The parties cross moved for summary judgment, and the district court found for Chalpin. Jersam appealed.

Prior to oral argument before this Court, we determined that Chalpin's citizenship was unclear for the purpose of confirming diversity jurisdiction. In its complaint, Chalpin described itself as "a limited liability company organized under the laws of the State of Delaware [with] its principal place of business in New York," described Jersam as "a corporation organized under the laws of the State of New Jersey, having its principal place of business in Bayonne, New Jersey," and asserted that subject matter jurisdiction existed "based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the Parties and the amount of controversy exceeds the sum of $75,000.00." J.A. 12. Because "the citizenship of a limited liability company . . . is determined by the citizenship of all of its members," *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011), Chalpin's statement was not sufficient to demonstrate its citizenship to a federal court. This Court ordered Chalpin to

2

file a letter pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure conveying the LLC's membership and citizenship.

In its supplemental letter, Chalpin states that its members and their citizenship are as follows:

> The sole member of Chalpin Realty SC LLC is 4531 Davis Street LLC;
>
> 4531 Davis Street LLC is a New York limited liability company with a principal place of business in New York;
>
> The members of 4531 Davis Street LLC are Marc Chalpin, Suzanne Alenick, Michelle Shore, and the Estate of Roberta Chalpin;
>
> Marc Chalpin and Michelle Shore are citizens of New York;
>
> Roberta Chalpin, formerly a citizen of New York, passed in July 2025 and it is anticipated that for purposes of 28 U.S.C. § 1332(c)(2), the citizenship of the Estate of Roberta Chalpin will be either New York or New Jersey; and
>
> Suzanne Alenick is a citizen of New Jersey.

Chalpin Suppl. Ltr. at 1, ECF No. 45.  Chalpin further avers, based on Jersam's stated New Jersey citizenship, that "it would appear that complete diversity is lacking" and that it "hereby withdraws the allegation of diversity jurisdiction in paragraph 19 of the Complaint."  *Id.* at 2.  Jersam filed a response agreeing that "it appears that diversity jurisdiction is lacking[,] and this matter must be vacated and remanded for dismissal." Jersam Suppl. Ltr., ECF No. 47.  We agree.

We recently addressed a similar circumstance, where the lack of complete diversity between parties before this Circuit did not become clear until after oral argument.  In *Capps v. Newmark Southern Region, LLC*, 53 F.4th 299 (4th Cir. 2022), we vacated and remanded for dismissal when Newmark noted via supplemental filing that complete diversity did not

3

exist at filing.  We reiterate from *Capps* that when an LLC party is before a federal court under diversity jurisdiction, "we necessarily trace [its] citizenship through [the] layered entities" comprising its ownership structure.  *Id.* at 302.

We take this occasion to further underscore the importance of ensuring that complete diversity exists at the inception of litigation.  The longstanding requirement of subject matter jurisdiction,

> springing from the nature and limits of the judicial power of the United States, is inflexible and without exception which requires this court, of its own motion, to deny its own jurisdiction, and[] . . . that of all other courts of the United States, *in all cases where such jurisdiction does not affirmatively appear in the record* on which, in the exercise of that power, it is called to act.

*Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884) (emphasis added).  "Federal courts are not courts of general jurisdiction." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986). This Court therefore "has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,'" even where neither party contests the existence of jurisdiction.  *Id.* (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S. Ct. 162, 79 L. Ed. 388 (1934)).

Here, the district court had insufficient information to determine whether it could properly exercise jurisdiction.  Respect for the limited jurisdiction of the federal courts requires all involved—litigants, district courts, and appellate courts—to ensure that the threshold requirement of subject matter jurisdiction exists in each and every case.  In its complaint invoking federal court jurisdiction, Chalpin should have alleged the citizenship

4

of each of its members.  *See* FED. R. CIV. P. 8(a)(1) (requiring a "pleading that states a claim for relief" to contain "a short and plain statement of the grounds for the court's jurisdiction").  And before ruling on summary judgment, a district court should assure itself of jurisdiction "as a threshold matter."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).  Because the district court did not do so, "we have jurisdiction on appeal, not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit."  *United States v. Corrick*, 298 U.S. 435, 440, 56 S. Ct. 829, 831, 80 L.Ed. 1263 (1936).  Accordingly, we vacate the district court's judgment and remand with instructions to dismiss this matter without prejudice.

*VACATED AND REMANDED*